AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>JAHDIER DOWDELL,<br><br>Defendant | Case No. 5:20-MJ- 599 (TWD) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of November 18, 2020 in the county of Onondaga in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 924(c)(1)(A) | Possession with Intent to Distribute a Controlled Substance, to wit: Fentanyl, a Schedule II Controlled Substance and Possession of a Firearm in Furtherance of a Drug Trafficking Crime |

This criminal complaint is based on these facts:
See Affidavit

☒  Continued on the attached sheet.

_____
Complainant's signature

Daniel Babbage, Task Force Officer
_____
Printed name and title

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: 11/18/2020

_____
Judge's signature

City and State: Syracuse, New York

Hon. Thérèse Wiley Dancks, U.S. Magistrate Judge
_____
Printed name and title

**AFFIDAVIT OF DEA TASK FORCE OFFICER DANIEL BABBAGE**

Daniel Babbage, being duly sworn, deposes and says:

**I. INTRODUCTION**

1. I am a public servant of the kind specified in the New York State CPL 690.05(1), my title being a Police Officer. I have been a sworn member of the Syracuse Police Department since November 1995. I am currently assigned to the United States Department of Justice, Drug Enforcement Administration (DEA) Syracuse Resident Office as a Task Force Officer. I have been a sworn member of the DEA Syracuse Resident Office Task Force since November 2019. As such I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 21 United States Code, Section 801, et seq. and Title 18, United States Code, Section 2516. I have attended the following trainings/schools: DEA Basic Narcotics School, DEA Supervisor/Leadership School, Interview & Interrogation School, Highway/ Transit Drug Interdiction School, Instructor Development School, Dignitary/Executive Protection School, Firearms Instructor School, Basic SWAT/Hostage Rescue School & Basic Explosive Breacher Course. I have participated in numerous successful investigations into illicit drug distribution networks and have interrogated numerous defendants, informants and others who were either sellers, distributors, or users of narcotics and other illicit drugs. Also, I have been involved in the

1

monitoring, intercepting and recording of court-ordered wiretaps, and have participated in numerous search warrants/arrest warrants involving narcotics trafficking. In addition to my above-mentioned experience, I have had the opportunity to speak with and observe other federal, state and city narcotics officers with regard to the manner in which narcotics are possessed, sold, and distributed in the Syracuse, NY area.

2. I have participated in numerous searches of residences, businesses and vehicles in which controlled substances, drug paraphernalia, currency, and records were discovered. My experience as well as conversations with other law enforcement officers, as detailed herein, will serve as the basis for any opinions or conclusions set forth below. I have personally participated in the investigation of the offenses set forth below and as a result of my participation and my review of past and present reports made by other Special Agents of the DEA, and other state and local law enforcement agencies, I am fully familiar with the facts and circumstances of this investigation. I have participated in several multi-agency narcotics investigations. During the course of these investigations, I have conducted or participated in surveillance, undercover transactions, execution of search warrants, debriefings of informants, and reviews of tape-recorded conversations and narcotics records.

3. I submit this affidavit in support of a criminal complaint charging defendant **JAHDIER DOWDELL** with (i) possession with intent to distribute a controlled substance, to wit: fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C); and (ii) possession of a firearm in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(c)(1)(A).

## II. BASIS OF INFORMATION

4. As this affidavit is being submitted for the limited purpose of providing probable cause to support charging **JAHDIER DOWDELL** with possession with intent to distribute controlled substances and possession of a firearm in furtherance of a drug trafficking crime, I have not included each and every fact known to me concerning this investigation. I set forth only the facts which I believe are necessary to establish probable cause for the issuing of a criminal complaint.

## III. PROBABLE CAUSE

5. On November 17, 2020, I applied for a warrant to search a residence located Harold Street in Syracuse, NY (the Harold Street Residence). As I explained in the application in support of that search warrant, over the past two months, law enforcement has repeatedly observed **JAHDIER DOWDELL** coming and going from the Harold Street Residence in ways suggesting that he lived there. Some of the surveillance of **DOWDELL** coming and going from the Harold Street Residence was connected to suspected drug trafficking activity. This Court (Hon. Thérèse Wiley Dancks, USMJ) issued the requested search warrant that same day (November 17, 2020).

6. On the morning of November 18, 2020, law enforcement was positioned outside the Harold Street Residence in anticipation of executing the search warrant. Officers observed a vehicle parked in front of the Harold Street Residence with an individual sitting in the driver's seat. Thereafter, surveillance observed **DOWDELL** and a female exit the Harold Street Residence and walk towards the vehicle. **DOWDELL** was observed carrying two black bags. **DOWDELL** entered the front passenger seat of the vehicle and the female got into the back seat.

7. The vehicle began to drive away from the area and law enforcement conducted a stop of the vehicle. Law enforcement located in the floorboard of the front passenger seat where **DOWDELL** was seated two black bags consistent in appearance with those that surveillance

observed **DOWDELL** carrying when he got into the vehicle.  In one of the bags, officers located a Glock model 26 9mm semiautomatic handgun with serial number WRV117.  The handgun was loaded with one round in the chamber and six rounds in the magazine.  In the same black bag as the gun, officers located approximately eighteen (18) "bricks" and four (4) "bundles"[1] (for a total of 940 bags) of heroin.  In the other black bag located in the floorboard, officers found a sum of United States currency.

8. The suspected heroin was transported to the DEA Syracuse Regional Office.  A sample of the suspected heroin was field tested and was presumptively positive for the presence of fentanyl.  I know from my training and experience that the quantities of drugs possessed by **DOWDELL** are more than for individual use and are consistent with distribution.

## IV. CONCLUSION

9. I believe the foregoing establishes probable cause to believe that defendant **JAHDIER DOWDELL** (i) possessed with intent to distribute a controlled substance, to wit: fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C); and (ii) possessed a firearm in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(c)(1)(A).

10. I respectfully request that the Court authorize the filing of this complaint so that the defendants may be charged and brought to court for further proceedings in accordance with the law.

    ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE

---

[1] A "brick" is 50 individual dose bags of heroin and a "bundle" is 10 individual bags.

REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

_____
Daniel Babbage, Task Force Officer
Drug Enforcement Administration

I, the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on November 18, 2020, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

_____
Hon. Thérèse Wiley Dancks
United States Magistrate Judge